**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**COBBLIN BUSH,**

      **Petitioner,**

**vs.**

                          **CASE NO. 4:09cv36-SPM/WCS**

**EDWIN G. BUSS, Secretary,
Florida Department of Corrections,[1]**

      **Respondent.**

_____/


**REPORT AND RECOMMENDATION**

      This is an amended petition for writ of habeas corpus filed by Cobblin Bush

pursuant to 28 U.S.C. § 2254.  Doc. 6.  Petitioner challenges the way in which

Respondent has calculated his gaintime and early release credits.  *Id.*  He seeks

"emergency release."  *Id.*, p. 6.

      On December 13, 2010, Petitioner filed a change of address to an address in

Sanford, Florida, which appeared to be a private residence.  Doc. 19.  I checked the

_____

      [1] Edwin G. Buss was appointed as Secretary of the Florida Department of
Corrections on February 14, 2011, and is substituted for Walter A. McNeil pursuant to
FED. R. CIV. P. 25(d).

Florida Department of Corrections website and that source reported that Petitioner had

been released to supervision on December 11, 2010.  Doc. 20.  That website reports

that Petitioner, inmate number 763225, is under supervision until December 10, 2025.

Since it appeared that Petitioner had been released and that the specific relief

requested (emergency release) is moot, I entered a show cause order.  *Id.*  The docket

reflects that the order was mailed to Petitioner at his current address.  *Id.*  The order

warned that I would recommend dismissal of this petition as moot if Petitioner did not

respond by June 20, 2011.  *Id.*  Petitioner has not responded and has not demonstrated

that this petition is not moot.  The petition should now be dismissed as moot since the

specific relief sought by Petitioner, release, has occurred.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right.  § 2253(c)(2);

Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I

recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should

issue."  The parties may make argument as to whether a certificate should issue by objections to this report and recommendation.

**Conclusion**

Accordingly, it is **RECOMMENDED** that petition for writ of habeas corpus filed by Cobblin Bush pursuant to 28 U.S.C. § 2254 seeking emergency release based upon a challenge to the way that Respondent calculated his gaintime and early release credits be **DISMISSED AS MOOT** and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on June 21, 2011.

s/    William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**